UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

LUCILLE GRECO,

               Plaintiff,

    -against-

THE CITY OF NEW YORK,
POLICE OFFICER WILLIAMS
Individually and in her official capacity as a New York
City Police Officer, POLICE OFFICER SOMERVILLE,
Individually and in his official capacity as a New York
City Police Officer, and SERGEANT FERRANTE,
Individually and in his official capacity as a New York
City Police Officer,

               Defendants.

------------------------------------------------------------------X

**JUDGE BUCHWALD**

**08 CV 1821**
Docket No.:

**COMPLAINT**

**JURY TRIAL IS
DEMANDED**



FEB 22 2008

U.S.D.C. S.D. N.Y.
CASHIERS

## PRELIMINARY STATEMENT

1.  This case arises from the unlawful assault and detention of a 72-year old woman who was involved in a traffic accident on April 3, 2007 at approximately 11:00. Lucille Greco was traveling on Cross Bay Boulevard when a New York Sanitation Truck struck the vehicle she was driving. The driver hooked onto her front driver (left front door) and flung her car into oncoming traffic. Lucille Greco told the driver not to leave the scene and then she called the police.

2.  Police Officer Williams approached Lucille Greco and asked her if she was on medication and if she wanted to go to the hospital. Ms. Greco told her "No." Ms. Greco was aware that NYC Sanitation and the New York Police Department are both City agencies and this concerned her.

1

3.  Police Officer Williams gets angry with Lucille Greco and makes a radio call stating "EDP." Lucille Greco becomes frightened and runs to hold onto a parking meter. Officer Williams is pulling Ms. Greco.

4.  Police Officer Somerville says to Officer Williams "Don't do this to her."

5.  Ms. Greco hears Officer Williams say, "this Bitch is going."

6.  Lucille Greco urinates on herself. She is handcuffed behind her back. She hears sirens and police cars. About five police cars arrive. There are about 15 officers present.

7.  Lucille Greco is very upset and embarrassed by the situation.

8.  Sergeant Ferrante comes over to talk with her. As Sergeant Ferrante attempts to calm her, he appears to get frustrated and says, "Did I fuck you today?" Lucille Greco looked at him and did not say anything. A crowd gathers and Sergeant Ferrante walks away from Lucille Greco.

9.  Lucille Greco is placed a police car and taken to the 106th precinct.

10. At the precinct, Lucille Greco is placed in a room and handcuffed to a bar. She asked for water. She was not given water. Ms. Greco asked to call her sister who is handicapped who she was concerned about and she was not allowed to call her.

11. Sergeant Ferrante came into the room to speak with Lucille Greco. Lucille Greco tells Sergeant Ferrante she will never forget his name.

12. Lucille Greco is arrested for disorderly conduct.

13. Police Officer Williams and Police Officer Somerville come into the room. Police Officer Somerville tells Ms. Greco that he has to complete a report of Accident and does not allow her to see the report.

14. Police Officer Williams uncuffs Lucille Greco.

15. On July 9, 2007 Lucille Greco appeared in court with a lawyer and the case was dismissed.

## JURISDICTION

16. This action is brought pursuant to 42 U.S.C. Sections 1981 and 1983 and the First, Fourth and Fourteenth Amendments to the Constitution of the United States. Jurisdiction is conferred upon this Court by 42 U.S.C. Sections 1981, 1983 and 28 U.S.C. Sections 1331 and 1343(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

17. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. Sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

18. The plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

19. The plaintiff demands a trial by jury on each and every one of her claims as pleaded herein.

## VENUE

20. Under 28 U.S.C. Sections 1391 (a), (b), and (c) venue is proper in the Eastern District of New York.

## NOTICE OF CLAIM

21. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on June 27, 2007, within ninety (90) days of the events complained of herein.

22. More than thirty (30) days have elapsed since the filing of such notice, and adjustment or payment thereof has been neglected or refused.

23. A hearing pursuant to N.Y. Gen. Mun. Law Section 50-h was held and presumably, the defendants have waived this statutory hearing.

24. This action has been commenced within one year and ninety days after the occurrence of the events upon which these claims arise.

## PARTIES

25. Plaintiff, LUCILLE GRECO, was seventy-two (72) years old at the time of the incident. She is a citizen and resident of the United States, and was at all times relevant herein a resident of the County of Queens, State of New York and of full age.

26. Defendant **POLICE OFFICER WILLIAMS** is and was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York City Police Department, a municipal agency of defendant **CITY OF NEW YORK**.

27. Defendant **POLICE OFFICER SOMERVILLE** is and was at all times relevant herein acting under the direction and control of the New York City Police Department, a municipal agency of defendant **CITY OF NEW YORK**, and was acting as a duly appointed officer, employee and agent of defendant **CITY OF NEW YORK**.

28. Defendant **SERGEANT FERRANTE** is and was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York City Police Department, a municipal agency of defendant **CITY OF NEW YORK. RK.** .

29. Defendant **CITY OF NEW YO**RK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of

law enforcement and for which it is ultimately responsible. Defendant **CITY OF NEW YORK** assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by members of the New York City Police Department.

30. Defendant **CITY OF NEW YORK** was at all times relevant herein the public employer of defendants Police Officers Williams, Somerville and Sergeant Ferrante.

31. At all times relevant herein, Police Officers Williams, Somerville and Sergeant Ferrante were acting under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of New York, and the New York City Police Department, a municipal agency of defendant **CITY OF NEW YORK**, and were acting in the course and scope of their duties and functions as officers, agents, servants, and employees of the New York City Police Department, a municipal agency of defendant **CITY OF NEW YORK**, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. At all times relevant herein, they were acting for and on behalf of the New York City Police Department, a municipal agency of defendant **CITY OF NEW YORK**, with the power and authority vested in them as officers, agents, servants and employees of the New York City Police Department, a municipal agency of defendant **CITY OF NEW YORK**.

### STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION

32. This case arises from the unlawful assault and detention of a 72-year old woman who was involved in a traffic accident on April 3, 2007 at approximately 11:00. Lucille Greco was traveling on Cross Bay Boulevard when a New York Sanitation Truck struck the vehicle she was driving. The driver hooked onto her front driver (left door) and flung her

car into oncoming traffic. Lucille Greco told the driver not to leave the scene and then she called the police.

33. Police Officer Williams approached Lucille Greco and asked her if she was on medication and she wanted to go the hospital. Ms. Greco told her "No." Ms. Greco was aware that NYC Sanitation and the New York Police Department are both City agencies and this concerned her.

34. Police Officer Williams gets angry with Lucille Greco and makes a radio call stating "EDP." Lucille Greco becomes frightened and runs to hold onto a parking meter. Officer Williams is pulling Ms. Greco.

35. Police Officer Somerville says to Officer Williams "Don't do this to her."

36. Ms. Greco hears Officer Williams say, "this Bitch is going."

37. Lucille Greco urinates on herself. She is handcuffed behind her back. She hears sirens and police cars. About five police cars arrive. There are about 15 officers present.

38. Lucille Greco is very upset and embarrassed by the situation.

39. Sergeant Ferrante comes over to talk with her. As Sergeant Ferrante attempts to calm her, he appears to get frustrated and says, "Did I fuck you today?" Lucille Greco looked at him and did not say anything. A crowd gathers and Sergeant Ferrante walks away from Lucille Greco.

40. Lucille Greco is placed a police car and taken to the 106th precinct.

41. At the precinct, Lucille Greco is placed in a room and handcuffed to a bar. She asked for water. She was not given water. Ms. Greco asked to call her sister who is handicapped who she was concerned about and she was not allowed to call her.

42. Sergeant Ferrante came into the room to speak with Lucille Greco. Lucille Greco tells Sergeant Ferrante she will never forget his name.

43. Lucille Greco is arrested for disorderly conduct.

44. Police Officer Williams and Police Officer Somerville come into the room. Police Officer Somerville tells Ms. Greco that he has to complete a accident report and does not allow her to see the report.

45. Police Officer Williams uncuffs Lucille Greco.

46. On July 9, 2007 Lucille Greco appeared in court with a lawyer and the case was dismissed.

47. Lucille Greco at no time committed a crime. Lucille Greco did not engage in violent, tumultuous or threatening behavior.

48. Lucille Greco's conduct was consistent with someone being in a car accident.

49. As a result of the assault and false arrest, Ms. Greco was handcuffed in the street, placed in a police car and taken to a precinct. There was profanity used by police towards her. Her wrists were swollen as a result of the handcuffs.

50. Ms. Greco did not intend to cause public inconvenience, annoyance or alarm, or recklessly create a risk thereof.

51. The conduct of defendant Police Officer Williams in assaulting, restraining, and detaining plaintiff directly and proximately caused plaintiff serious physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

52. The conduct of defendant Police Officer Somerville in restraining and detaining plaintiff directly and proximately caused plaintiff serious physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

53. The conduct of defendant Sergeant Ferrante in assaulting, restraining and detaining plaintiff directly and proximately caused plaintiff serious physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

54. The assault on plaintiff, as described above, by defendant Police Officer Williams, was far in excess of her rightful authority as a New York City Police Officer.  This assault on plaintiff was made without probable cause.

55. The assault on plaintiff, as described above, by defendant Sergeant Ferrante, was far in excess of his rightful authority as a New York City Police Officer.  This assault on plaintiff was made without probable cause.

56. The detention of plaintiff was totally without probable cause, and was done maliciously, falsely and in bad faith.  Defendant Police Officer Williams acted with reckless and wanton disregard for the rights of the plaintiff.

57. The detention of plaintiff was totally without probable cause, and was done maliciously, falsely and in bad faith.  Defendant Police Officer Somerville acted with reckless and wanton disregard for the rights of the plaintiff.

58. The detention of plaintiff was totally without probable cause, and was done maliciously, falsely and in bad faith.  Defendant Sergeant Ferrante acted with reckless and wanton disregard for the rights of the plaintiff.

59. As a result of all the acts alleged herein, the plaintiff has suffered and continues to suffer physical and emotional injury and pain, mental pain and anguish, and emotional distress.

**FIRST CLAIM**

**DEPRIVATION OF RIGHTS UNDER THE FOURTH AN FOURTEENTH
AMENDMENT AND 42 U.S.C. SECTIONS 1981 AND 1983**

60. The plaintiff's incorporates by reference each preceding allegation as if fully set forth
herein.

61. The conduct and actions of defendant Police Officer Williams, acting under color of
law, in assaulting plaintiff and using objectively unreasonably excessive force, was done
intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard
for the natural and probable consequences of her acts, was done without lawful
justification or reason, and was designed to and did cause specific and serious harm, pain
and suffering in violation of plaintiff's Constitutional rights as guaranteed under 42
U.S.C. Sections 1981, 1983, and Fourth and Fourteenth Amendments to the United States
Constitution.

62. As a result of the foregoing, plaintiff was detained, sustained painful injuries to her
body, was made ill, was subject to great humiliation, and was otherwise damaged and
injured.

**SECOND CLAIM**

**DEPRIVIATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH
AMENDMENTS AND 42 U.S.C. SECTIONS 1981 and 1983**

63. The plaintiff incorporates by reference each proceeding allegation as if fully set forth
herein.

64. The conduct and actions of defendant Police Officer Somerville, acting under color of
law, in failing to intercede or take any steps to protect plaintiff from the unjustified and
unconstitutional treatment she was receiving at the hands of the Police Officer Williams,

was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of his acts, was done without lawful justification or reason, and was designed to and did cause specific and serious pain and suffering in violation of plaintiff's Constitutional rights as guaranteed under 42 U.S.C. Sections 1981, 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

65. As a result of the foregoing, plaintiff was detained, was subject to great humiliation, and was otherwise damaged and injured.

### THIRD CLAIM

### DEPRIVIATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. SECTIONS 1981 and 1983

66. Plaintiff incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

67. The conduct and actions of defendant Police Officer Williams, acting under color of law, in assaulting plaintiff and using objectively unreasonably excessive force, was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of her acts, was done without lawful justification or reason, and was designed to and did cause specific and serious harm, pain and suffering in violation of plaintiff's Constitutional rights as guaranteed under 42 U.S.C. Sections 1981, 1983, and Fourth and Fourteenth Amendments to the United States Constitution.

68. As a result of the foregoing, plaintiff was detained, was subject to great humiliation, and was otherwise damaged and injured.

10

## FOURTH CLAIM

### LIABILITY OF DEFENDANT CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

69. Plaintiff incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

70. At all times material to this complaint, defendant **CITY OF NEW YORK**, acting through the **NEW YORK CITY POLICE DEPARTMENT**, had in effect _de facto_ policies, practices, customs and usages that condoned and fostered the unconstitutional conduct of the defendant police officers, and were a direct and proximate cause of the damages and injuries complained of herein.

71. These policies, practices, customs and usage include, _inter alia_: (a) the failure to properly screen, train, supervise, discipline, transfer, counsel and/or otherwise control police officers engaged in the excessive and unjustified use of force; (b) the failure to properly screen, train, supervise, discipline, transfer, counsel and/or otherwise control police officers in their treatment of persons involved in automobile accidents.

72. Since at least 1984 the defendant **CITY OF NEW YORK** and the New York City Police Department have been on notice that their training of police officers has been inadequate and that police officers joining the force, including, on information and belief, the individual defendant police officers herein, were disproportionately involved in misconduct and abuse, particularly involving excessive force and brutality.[1]

73. The City of New York Office of the Comptroller, in an unpublished report, found that the police often do inadequate investigations and have little training to prevent officers from repeated using excessive force.

---

[1] _See, e.g._, Mayor's Advisory Committee on Police Management and Personnel Policy, Final Report, February 24, 1987.

74. In 1990, the Office of Special Prosecutor, which investigated charges of police corruption was abolished.

75. Upon information and belief, in the vast majority of the excessive force, deadly force, and other police abuse case that result in verdicts or substantial settlements for the victims, the New York City Police Department imposes no discipline, either before or after the court resolution, almost never reopens an investigation previously conducted after such a resolution, and sometimes promotes the abusive officer to a position of greater authority despite the resolution.

76. Acting under color of law, by and through the policy-makers of the **CITY OF NEW YORK** and pursuant to official policy or custom and practice, the **CITY OF NEW YORK** intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the inhabitants of the **CITY OF NEW YORK** failed to effectively screen, hire, train, instruct supervise, control and discipline, on a continuing basis, their police officers, including the defendant police officer(s) herein, for their propensity for violence, including unreasonable and unjustified force and restraint, for unlawfully striking individuals on the head or neck with batons, flashlights or other blunt objects, for racial bias, for lack truthfulness, for fabricating criminal charges and falsely swearing to criminal complaints against citizens for the purpose of shielding themselves against criminal and/or civil liability for violating those citizens' civil rights, and for the failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing the individual defendant police officers herein to be in position to assault and/or unreasonably and unjustifiably restrain the plaintiff, to otherwise cause

her injury and violate her federal and state unconstitutional rights, and/or to permit these actions to take place without her knowledge or consent.

77. On information and belief, the defendant police officers herein have been the subject of prior civilian and departmental complaints of misconduct that gave notice to, or should have given notice to, the defendant **CITY OF NEW YORK** and the New York City Police Department that the defendant police officers herein were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by the plaintiff herein. The **CITY OF NEW YORK** had knowledge of or, had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs that were done, as heretofore alleged, or other unlawful or unconstitutional acts were going to be committed. Defendant **CITY OF NEW YORK** had the power, authority and duty to prevent or aid in preventing the commission of said wrongs, could have done so, and intentionally, knowingly, recklessly or with deliberate indifference to the rights of the inhabitants of the **CITY OF NEW YORK** failed to do so.

78. On information and belief, defendant **CITY OF NEW YORK** and the New York City Police Department maintained an inadequate structure for risk containment and stress management relative to its police officers, and failed to create proper means of containing such risk and managing such stress. *Inter alia*, the structure was deficient, at the time of selection of police officers and thereafter during the employment, in its ability to evaluate and exchange information within the command structure about the performance of individual police officers; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer; and in its ability to

otherwise put the command structure on notice that an individual or individuals were at significant levels of risk to the public at a large or to specific segments thereof. The effect of this was to permit police officers of the New York City Police Department to function at levels of significant and substantial risk to the public in general.

79. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant **CITY OF NEW YORK** and the New York City Police Department have permitted and allowed the employment and retention of individuals as police officers whose individual circumstances place the public or segments thereof at substantial risk of being the victims of violent or racially motivated behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff herein.

80. As a direct and proximate result of the defendants' wrongful policies, practices, customs and/or usages complained of herein, the plaintiff has suffered permanent mental and emotional injury and pain, anguish, suffering humiliation and embarrassment.

**FIFTH CLAIM**

**ASSAULT AND BATTERY**

81. The plaintiff incorporates by reference each preceding allegation as if fully set forth herein.

82. By the actions described above, defendant Police Officer Williams did inflict assault and battery upon the plaintiff herein. The acts and conduct of the defendant was the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed her by the laws and Constitution of the State of New York.

83. As a result of the foregoing, plaintiff was detained, sustained painful injuries to her body, was made ill, was subject to great humiliation, and was otherwise damaged and injured.

## SIXTH CLAIM

## ASSAULT AND BATTERY

84. The plaintiff incorporates by reference each preceding allegation as if fully set forth herein.

85. By the actions described above, defendant Sergeant Ferrante did inflict assault and battery upon the plaintiff herein.  The acts and conduct of the defendant was the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed her by the laws and Constitution of the State of New York.

86. As a result of the foregoing, plaintiff was detained, sustained painful injuries to her body, was made ill, was subject to great humiliation, and was otherwise damaged and injured.

## SEVENTH CLAIM

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

87. The plaintiff incorporates by reference each preceding allegations as if fully set forth herein.

88. By the actions described above, defendant Police Officer Williams engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally caused severe emotional distress to plaintiff.  The acts and conduct of the defendant was the direct and proximate cause of injury and damage to the plaintiff

and violated her statutory and common law rights as guaranteed her by the laws and

Constitution of the State of New York.

89. As a result of the foregoing, plaintiff was made ill, was subjected to great humiliation,

and was otherwise damaged and injured.

## EIGHTH CLAIM

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

90. The plaintiff incorporates by reference each preceding allegations as if fully set forth

herein.

91. By the actions described above, defendant Sergeant Ferrante engaged in extreme and

outrageous conduct, conduct utterly intolerable in a civilized community, which

intentionally caused severe emotional distress to plaintiff. The acts and conduct of the

defendant was the direct and proximate cause of injury and damage to the plaintiff and

violated her statutory and common law rights as guaranteed her by the laws and

Constitution of the State of New York.

92. As a result of the foregoing, plaintiff was made ill, was subjected to great humiliation,

and was otherwise damaged and injured.

## NINTH CLAIM

### CONSPIRACY

93. The plaintiff's incorporates by reference each preceding allegation as if fully set forth

herein.

94. By the actions described above, defendants Police Officers Williams, Somerville and

Sergeant Ferrante jointly and severally, acting in their individual capacities and under

color of law, conspired together and maliciously and willfully entered into a scheme to

deprive plaintiff to her rights, well-being and to commit the above-alleged unlawful acts by charging plaintiff with disorderly conduct. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her rights as guaranteed her by the Fourth and Fourteenth Amendments to the Constitution of the United States, and protected by 42 U.S.C. Sections 1981, 1983, and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

95. As a result of the foregoing, plaintiff sustained painful injuries, was made ill, was subjected to great humiliation and emotional distress, was detained, and was otherwise damaged and injured.

## TENTH CLAIM

## NEGLIGENCE

96. The plaintiff incorporates by reference each preceding allegation as if fully set forth herein.

97. As a New York City police officer, defendant Police Officer Williams had a duty towards Lucille Greco to care, protect, give her water, particularly when requested, obtain medical treatment and to allow her to make a telephone call when she was detained.

98. As a New York City police officer, defendant Police Officer Somerville had a duty towards Lucille Greco to care, protect, give her water, particularly when requested, obtain medical treatment and to allow her to make a telephone call when she was detained.

99. As a New York City police officer, defendant Sergeant Ferrante had a duty towards Lucille Greco to care, protect, give her water, particularly when requested, obtain medical treatment and to allow her to make a telephone call when she was detained.

100. By the actions described above, defendants Police Officers Williams, Somerville and Sergeant Ferrante, jointly and severally, negligently caused severe physical injuries, and caused severe physical injuries, and caused extreme emotional distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed her by the laws and Constitution of the State of New York.

101. As a result of the foregoing, plaintiff sustained painful injuries, was made ill, was subjected to great humiliation and emotional distress, detained, and was otherwise damaged and injured.

## ELEVENTH CLAIM

## PRIMA FACIE TORT

102. The plaintiff incorporates by reference each preceding allegation as if fully set forth herein.

103. By the actions described above, defendant Police Officer Williams inflicted harm upon Lucille Greco without excuse or justification, out of disinterested malice.

104. By the actions described above, defendant Police Officer Somerville inflicted harm upon Lucille Greco without excuse or justification, out of disinterested malice.

105. By the actions described above, defendant Sergeant Ferrante inflicted harm upon Lucille Greco without excuse or justification, out of disinterested malice.

106. As a result of the foregoing, plaintiff sustained painful injuries, was made ill, was subjected to great humiliation and emotional distress, was detained, and was otherwise damaged and injured.

## TWELTH CLAIM

### NEGLIGENT HIRING, SCREENING RETENTION, SUPERVISION AND TRAINING

107. The plaintiff incorporates by reference each preceding allegation as if fully set forth herein.

108. The defendant **CITY OF NEW YORK** negligently hired, screened, retained, supervised and trained the individual defendant police officers. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed her by the laws and Constitution of the State of New York.

109. As a result of the foregoing, plaintiff sustained painful injuries, was made ill, was subjected to a great humiliation and emotional distress, was detained, and was otherwise damaged and injured.

### THIRTEENTH CLAIM

### *RESPONDEAT SUPERIOR* LIABILITY OF THE CITY OF NEW YORK FOR THE STATE LAW VIOLATIONS

110. The plaintiff incorporates by reference each preceding allegation as if fully set forth herein.

111. The conduct of defendants Police Officers Williams, Somerville and Sergeant Ferrante alleged herein, occurred while they were on duty and in uniform and in and during the course and scope of their duties and functions as New York City police officers, and while they were acting as agents, officers, servants and employees of the defendant **CITY OF NEW YORK**, and as a result the defendant **CITY OF NEW**

**YORK** is liable to the plaintiff pursuant to the state common law doctrine of *respondeat superior*.

112. As a result of the foregoing, plaintiff was detained, sustained painful injuries to her body, was made ill, was subject to great humiliation, and was otherwise damaged and injured.

   **WHEREFORE,** the plaintiff demands the following relief jointly and severally against all of the defendants:

   a.   Compensation damages;

   b.   Punitive damages;

   c.   The convening and empaneling of a jury to consider the merits of the claims herein;

   d.   Costs and interest and attorney's fees;

   e.   Such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated:   Hollis, New York
         January 15, 2008

_____
RENÉ MYATT, ESQ. [RM-4406]
Attorney for Plaintiff
LUCEILLE GRECO
204-04 Hillside Avenue, 2nd Floor
Hollis, New York 11423
(718) 468-3588

20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LUCILLE GRECO,

                Plaintiff,


     -against-


THE CITY OF NEW YORK,
POLICE OFFICER WILLIAMS,
individually and in her official capacity as a New York
City Police Officer, and POLICE OFFICER SOMERVILLE,
Individually and in their official capacities as New York
City Police Officers, and SERGEANT FERRANTE,
Individually and in her official capacity as a New York
City Police Officer,

               Defendants.
------------------------------------------------------------------X

**JURY TRIAL
DEMANDED**

===================================================================

## COMPLAINT

===================================================================

**THE LAW OFFICE OF
RENÉ MYATT
204-04 HILSIDE AVENUE
HOLLIS, NEW YORK 11423
(718) 468-3588
(718) 468-5731**

===================================================================

===================================================================