**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------ x

**LUCILLE GRECO,**

                                **Plaintiff,**

                    **-against-**

**THE CITY OF NEW YORK, POLICE OFFICER WILLIAMS Individually and in her official capacity as a New York City Police Officer, POLICE OFFICER SOMERVILLE, Individually and in his official capacity as a New York City Police Officer, and SERGEANT FERRANTE, Individually and in his official capacity as a New York City Police Officer,**

                                **Defendants.**

------------------------------------------------------------------------ x

**ANSWER OF DEFENDANTS WILLIAMS, SOMERVILLE AND FERRANTE**

08 Civ. 1821 (NRB)

JURY TRIAL DEMANDED

        Defendant Police Officers Williams and Somerville and Sergeant Ferrante, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows.

        1. Deny the allegations set forth in paragraph "1" of the complaint.

        2. Deny the allegations set forth in paragraph "2" of the complaint.

        3. Deny the allegations set forth in paragraph "3" of the complaint.

        4. Deny the allegations set forth in paragraph "4" of the complaint.

        5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

        6. Deny the allegations set forth in paragraph "6" of the complaint.

        7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

        8. Deny the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint.

10. Deny the allegations set forth in paragraph "10" of the complaint.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that plaintiff purports to proceed as stated therein, and further admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

17. Deny the allegations set forth in paragraph "17" of the complaint, except admit that plaintiff purports to proceed as stated therein, and further admit that plaintiff purports to seek relief as stated therein.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

19. State that the allegations set forth in paragraph "19" of the complaint do not contain averments of fact to which a response is required.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit that plaintiff purports to base venue as stated therein.

21. Deny the allegations set forth in paragraph "21" of the complaint, except admit that a document purported to be a Notice of Claim was received by the City of New York on June 27, 2007.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint, except admit that thirty days has elapsed since the City of New York received, on June 27, 2007, a document purported to be a Notice of Claim.

23. Deny the allegations set forth in paragraph "23" of the complaint, except admit that a hearing pursuant to New York General Municipal Law § 50-h was held on July 27, 2007.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint, except admit that defendant Williams is employed by the City of New York as a Police Officer.

27. Deny the allegations set forth in paragraph "27" of the complaint, except admit that defendant Somerville is employed by the City of New York as a Police Officer.

28. Deny the allegations set forth in paragraph "28" of the complaint, except admit that defendant Ferrante is employed by the City of New York as a Police Sergeant.

29. Deny the allegations set forth in paragraph "29" of the complaint, except admit that the City of New York is a municipal corporation, and further respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between defendant City of New York and the New York City Police Department.

30. Deny the allegations set forth in paragraph "30" of the complaint, except admit that defendants Williams, Somerville and Ferrante are employed by the City of New York as Police Officers.

31. State that the allegations set forth in paragraph "31" of the complaint set forth conclusions of law to which no response is required.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged injuries.

52. Deny the allegations set forth in paragraph "52" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged injuries.

53. Deny the allegations set forth in paragraph "53" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged injuries.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the complaint.

60. In response to the allegations set forth in paragraph "60" of the complaint, defendants Williams, Somerville and Ferrante repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. In response to the allegations set forth in paragraph "63" of the complaint, defendants Williams, Somerville and Ferrante repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. In response to the allegations set forth in paragraph "66" of the complaint, defendants Williams, Somerville and Ferrante repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. In response to the allegations set forth in paragraph "69" of the complaint, defendants Williams, Somerville and Ferrante repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. Deny the allegations set forth in paragraph "75" of the complaint.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. Deny the allegations set forth in paragraph "78" of the complaint.

79. Deny the allegations set forth in paragraph "79" of the complaint.

80. Deny the allegations set forth in paragraph "80" of the complaint.

81. In response to the allegations set forth in paragraph "81" of the complaint, defendants Williams, Somerville and Ferrante repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

82. Deny the allegations set forth in paragraph "82" of the complaint.

83. Deny the allegations set forth in paragraph "83" of the complaint.

84. In response to the allegations set forth in paragraph "84" of the complaint, defendants Williams, Somerville and Ferrante repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

85. Deny the allegations set forth in paragraph "85" of the complaint.

86. Deny the allegations set forth in paragraph "86" of the complaint.

87. In response to the allegations set forth in paragraph "87" of the complaint, defendants Williams, Somerville and Ferrante repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

88. Deny the allegations set forth in paragraph "88" of the complaint.

89. Deny the allegations set forth in paragraph "89" of the complaint.

90. In response to the allegations set forth in paragraph "90" of the complaint, defendants Williams, Somerville and Ferrante repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

91. Deny the allegations set forth in paragraph "91" of the complaint.

92. Deny the allegations set forth in paragraph "92" of the complaint.

93. In response to the allegations set forth in paragraph "93" of the complaint, defendants Williams, Somerville and Ferrante repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

94. Deny the allegations set forth in paragraph "94" of the complaint.

95. Deny the allegations set forth in paragraph "95" of the complaint.

96. In response to the allegations set forth in paragraph "96" of the complaint, defendants Williams, Somerville and Ferrante repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

97. Deny the allegations set forth in paragraph "97" of the complaint.

98. Deny the allegations set forth in paragraph "98" of the complaint.

99. Deny the allegations set forth in paragraph "99" of the complaint.

100. Deny the allegations set forth in paragraph "100" of the complaint.

101. Deny the allegations set forth in paragraph "101" of the complaint.

102. In response to the allegations set forth in paragraph "102" of the complaint, defendants Williams, Somerville and Ferrante repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

103. Deny the allegations set forth in paragraph "103" of the complaint.

104. Deny the allegations set forth in paragraph "104" of the complaint.

105. Deny the allegations set forth in paragraph "105" of the complaint.

106. Deny the allegations set forth in paragraph "106" of the complaint.

107. In response to the allegations set forth in paragraph "107" of the complaint, defendants Williams, Somerville and Ferrante repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

108. Deny the allegations set forth in paragraph "108" of the complaint.

109. Deny the allegations set forth in paragraph "109" of the complaint.

110. In response to the allegations set forth in paragraph "110" of the complaint, defendants Williams, Somerville and Ferrante repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

111. Deny the allegations set forth in paragraph "111" of the complaint.

112. Deny the allegations set forth in paragraph "112" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

113. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

114. Defendants Williams, Somerville and Ferrante have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

115. Defendants Williams, Somerville and Ferrante have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

116. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendants Williams, Somerville or Ferrante.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

117. There was probable cause for plaintiff's arrest and prosecution.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

118.    Plaintiff provoked any incident.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

119.    Plaintiff has failed to comply with New York General Municipal Law §§ 50-e and 50-i.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

120.    Plaintiff's claims are barred, in part, by the applicable statute of limitations.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

121.    Punitive damages cannot be assessed against the City of New York.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

122.    At all times relevant to the acts alleged in the complaint, defendants Williams, Somerville and Ferrante acted reasonably in the proper and lawful exercise of their discretion.

**WHEREFORE,** defendants Williams, Somerville and Ferrante request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          July 7, 2008

                MICHAEL A. CARDOZO
                Corporation Counsel of the
                  City of New York
                Attorney for Defendants City, Williams, Somerville and Ferrante
                100 Church Street
                New York, New York 10007
                (212) 788-0906

                By:      /s/
                      Shawn D. Fabian (SF4606)
                      Assistant Corporation Counsel
                      Special Federal Litigation Division

To:    Rene Myatt, Esq. (By ECF and First Class Mail)
       *Attorney for Plaintiff*
       204-04 Hillside Avenue, 2nd Floor
       Hollis, New York 11423

**DECLARATION OF SERVICE**

Shawn D. Fabian declares, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct: On July 7, 2008, I served the annexed "**ANSWER OF DEFENDANTS WILLIAMS, SOMERVILLE AND FERRANTE** ," upon Rene Myatt, Esq., attorney for plaintiff, by depositing a copy of same, enclosed in a first class, postpaid properly addressed wrapper in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to plaintiff:

    Rene Myatt, Esq.
    204-04 Hillside Avenue, 2nd Floor
    Hollis, New York 11423

being the address designated by plaintiff for that purpose.


Dated:  New York, New York
         July 7, 2008

                                      /s/
                              SHAWN D. FABIAN
                              ASSISTANT CORPORATION COUNSEL